UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**DAVID C. MAGIN,**

                                **Plaintiff,**

                        **-vs-**                          **5:05-CV-1573**
                                                    **(NAM/GJD)**

**CELLCO PARTNERSHIP *d/b/a* VERIZON WIRELESS;
VERIZON WIRELESS MANAGED DISABILITY
PLAN; and METLIFE CORPORATION,**

                                **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Brian J. Barry, Esq.
Meggesto, Crossett & Valerino, LLP
313 East Willow Street
Suite 201
Syracuse, NY 13203
Attorney for Plaintiff

Hugh M. Russ, III, Esq.
Hodgson Russ, LLP
One M&T Plaza
Suite 2000
Buffalo, NY 14203
Attorneys for Defendants

James T. Hedgepath, Esq.
William H. Floyd, Esq.
Nexsen Pruet Adams Kleemeier, LLC
201 W. McBee Avenue
Suite 400
Greenville, SC 29601
Attorneys for Defendants Cellco Partnership
d/b/a Verizon Wireless and Verizon Wireless
Managed Disability Plan

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

In this action pursuant to the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, plaintiff seeks to recover benefits under a managed disability benefit plan and to clarify his right to future benefits. *See* 29 U.S.C. § 1132(a)(1)(B). Defendants move (Dkt. No. 9) for dismissal of the complaint pursuant to Fed. Rule Civ. P. 12(b)(1) and 12(b)(6). Defendants contend that plaintiff's claim for short-term disability benefits is time-barred and that his claim for long-term disability benefits must be dismissed for failure to exhaust administrative remedies. For the reasons set forth herein, the Court denies the motion.

## COMPLAINT

In his complaint (Dkt. No. 1), plaintiff alleges that he was employed by defendant Cellco Partnership d/b/a Verizon Wireless or its predecessor ("Verizon Wireless") from 1995 through at least June of 2004; that through his employment with Verizon Wireless, he was a participant in and beneficiary of a managed disability plan, known as the Verizon Wireless Managed Disability Plan; and that the plan is an "employee welfare benefit plan" covered by ERISA. *See* 29 U.S.C. § 1002(1). The complaint further claims the following:

> Plaintiff, David Magin, was involved in a life threatening automobile accident on October 7, 2000, suffering serious and disabling injuries. Said disabling condition made it impossible for the plaintiff to perform any useful work or function for which he was suited by learning and experience.
>
> As a result of his disabling condition, plaintiff was unable to continue working at Verizon from October 7, 2000 thru [*sic*] May of 2001. While out of work during this period of time plaintiff applied for and received benefits under Verizon's Plan and/or the plan promulgated by Verizon's predecessors in interest.
>
> On September 10, 2002, plaintiff David Magin was diagnosed with anxiety and post-traumatic stress disorder stemming from the life threatening automobile accident suffered by him on October 7, 2000.
>
> On February 9, 2004, plaintiff was taken out of work by his doctors as a result of ongoing difficulties/disability associated with the aforementioned anxiety and post-traumatic stress disorder.
>
> As of February 9, 2004, plaintiff was totally disabled pursuant to the terms of Verizon's Plan as he was unable to perform the essential functions of his job and

-2-

> was unable to perform any other job/occupation for which he was qualified by training, education and/or experience.
>
> Shortly thereafter, plaintiff applied to defendants for benefits under the Verizon Plan.
>
> Plaintiff's application for benefits was denied by defendants as were plaintiff's subsequent appeals even though plaintiff was totally disabled within the meaning of the terms of Verizon's Plan and was entitled to short and/or long term disability benefits in accordance with the terms of said plan
>
> Subsequent to February 9, 2004, plaintiff's request for benefits under Verizon's Plan were [*sic*] denied even though plaintiff was "totally disabled" within the meaning of the terms of Verizon's Plan and was and is entitled to short and long term disability benefits in accordance with the terms of the Plan.
>
> Plaintiff has exhausted all his administrative remedies as Verizon Wireless has denied all of plaintiff's attempts to procure disability benefits under Verizon's Plan.

(Paragraph numbering omitted.)  Plaintiff seeks an award of benefits under the managed disability plan from February 9, 2004, to the present; a declaration that his medical condition rendered him totally disabled within the meaning of the plan; compensatory damages in the amount of $80,000 plus continuing damages; punitive damages; and attorney's fees, costs and disbursements.

## DISCUSSION

**Preemption**

Defendants first argue that plaintiff's third cause of action for "breach of contract" and his fourth cause of action for "negligence" must be dismissed on the ground that they are state law claims preempted by ERISA.  *See* 29 U.S.C. § 1144(a).  Plaintiff does not dispute that ERISA governs his claims; rather, he argues that the terms "breach of contract" and "negligence" are intended to describe defendants' misconduct under ERISA, not to set forth claims under the common law.  Accordingly, to the extent that the causes of action may be read to set forth state law claims, the Court "recharacterizes" them as ERISA causes of action.  *See, e.g., Burgie v. Euro*

*Brokers, Inc.*, 2007 WL 210419, \*4 (E.D.N.Y.).

**Limitation of action**

Defendants argue that plaintiff's action insofar as it seeks short-term disability benefits is time-barred by a contractual one-year limitations period. Defendants rely on the Plan Administrator Summary Plan Description ("PASPD"), which states on page 19:

> Any legal action resulting from a denied claim under any employee benefit plan maintained by Verizon Wireless must be brought within one year after the date the Appeal Fiduciary or Plan Administrator has made a final denial of the claim.\*\*\*

In response, plaintiff avers that he "did not stipulate or consent to a reduction to the statute of limitations[,]" and further that he "never received the very document defendants rely on in support of the shortened limitations period[,]" *i.e.*, the PASPD. Plaintiff argues that he relied solely on the Managed Disability Summary Plan Description ("MDSPD"), which does not set forth a limitations period for a legal action following administrative denial of a disability claim.

The Court has reviewed both the PASPD and the MDSPD. The PASPD applies to all benefit plans provided by Verizon Wireless, not just to the managed disability plan. It states in the "Plan Highlights" section:

> Verizon Wireless provides eligible employees with a comprehensive benefits plan. This plan includes Medical, Dental, Prescription Drug, Vision, Managed Disability, Separation Pay, Tuition Reimbursement, EAP, Life Insurance, Savings and Retirement, and Retirement benefits. This document provides you with the procedures regarding appealing a denied claim and other legal and administrative information for Verizon Wireless' Health and Welfare Benefits Plan, Separation Pay Plan, Savings and Retirement Plan, and Retirement Plan. This document should be used in conjunction with the specific benefit's SPD that describes each benefit's coverage, eligibility, and enrollment procedures.

The 35-page long PASPD contains generally-applicable information on topics such as continuation of coverage, Family and Medical Leave Act, and military leave. It also sets forth a separate section for each type of benefit, explaining the specific claims review procedure

applicable to that type of benefit. In the section headed, "Filing a Claim for Disability Benefits," on page 16, the PASPD simply refers the reader to the MDSPD.[1] On the same page are brief sections regarding filing claims for other types of benefits, including the tuition assistance and employee assistance plans. Pages 17 and 18 of the PASPD explain how to file a claim for benefits under a retirement plan or the separation pay plan. Following this, on page 19, is a two-paragraph section headed, "Important Rules Applicable to All Verizon Wireless Employee Benefit Plans"; this section includes the one-year limitation provision on which defendants rely.

Turning to the 37-page long MDSPD, the Court notes that it applies only to the managed disability plan. It includes information on eligibility, enrollment, short-term disability ("STD") benefits, long-term disability ("LTD") benefits, and how to apply for benefits. On page 30, under the heading, "If Your STD or LTD Benefit Claim Is Denied," the MDSPD states that the applicant will be notified of the denial in a written notice that will: explain how to appeal the initial denial; provide "review procedures, timelines and rights"; give notice that the appeal must be filed within 180 days of the denial; and provide "a notice of your right to sue after the appeal is completed[.]" Following this information, under the sub-heading, "Appealing the Initial Determination," is detailed information regarding administrative appeal of the initial denial.

Nowhere does the MDSPD mention a one-year limitation period within which to bring

---

[1] Specifically, under the heading, "Filing a Claim for Disability Benefits," the PASPD states:

> Verizon Wireless provides managed disability plan benefits through an insurance contract issued to Verizon Wireless by MetLife Disability ("MetLife"). This means that MetLife is the applicable Claims Administrator and Appeal Fiduciary with respect to claims for disability benefits and Verizon Wireless has no discretionary authority with respect to these claims.
>
> The applicable claims and appeals procedures for the managed disability plan are set forth in the Managed Disability Summary Plan Description. Please refer to the Managed Disability Summary Plan Description for claims and appeals procedures.

-5-

suit once the administrative appeal process is exhausted.  Nor is there any indication that an applicant whose claim has been denied on appeal should refer to the PASPD for further information on how to proceed.  It is true that page *ii* (the page immediately following the table of contents) and page 33 (which is headed, "When Eligibility for Coverage Ends") contain the following statement: "For detailed administrative information about the Managed Disability Plan and the Employee Retirement Income Security Act of 1974 (ERISA), see the *Plan Administration* section."  This statement, without more, cannot reasonably be construed as notice to the applicant to consult the PASPD for information about bringing a civil action if a denial of benefits is upheld on appeal.

Similarly, in the May 24, 2004 letter advising plaintiff that the denial of his STD claim was upheld on appeal, there is no mention of a one-year limitation on bringing suit.  The letter states that plaintiff has "exhausted administrative remedies under the plan" and that he has "the right to bring civil action under Section 502(a) of the  Employee Retirement Income Security Act of 1974."  There is nothing in this letter that would prompt plaintiff to consult the PASPD for information about his right to bring a civil action.

It is well established that "[w]here the terms of a plan and the SPD [summary plan description] conflict, the SPD controls.... [T]he SPD 'will be an employees' primary source of information regarding employment benefits, and employees are entitled to rely on the descriptions contained in the summary.'"  *Burke v. Kodak Retirement Income Plan*, 336 F.3d 103, 110 (2d Cir. 2003); *accord Manginaro v. Welfare Fund of Local 771*, 21 F.Supp.2d 284, 293 (S.D.N.Y. 1998) (holding that the SPD controlled where the plan imposed a two-year limitations period on legal actions against an employee welfare fund, but the SPD did not mention the limitations period).

Here, the MDSPD – which is the summary plan description specifically applicable to

plaintiff's claims under his managed disability policy – does not mention the one-year limitations period for legal action. Under *Burke* and *Manginaro*, the fact that the terms of the managed disability plan itself may impose a one-year limitations period does not assist defendants, where, as here, the limitations period was not disclosed in the applicable summary plan description.

Nor does the fact that the shortened limitations period was set forth in the PASPD warrant a holding that, as a matter of law, it was disclosed to plaintiff so as to be binding on him. Plaintiff claims that he never received the PASPD. And the MDSPD did not apprize plaintiff that he should consult the PASPD for further information regarding his managed disability claim; as noted, the MDSPD's reference to the PASPD as containing "administrative information" does not constitute disclosure to plaintiff of the one-year limitation, nor does it clearly alert him that the PASPD contains an important limitation on his right to sue.[2]

Finally, the May 24, 2004 letter from the claim administrator advising plaintiff that the denial of his STD claim was upheld on administrative appeal, that he had "exhausted administrative remedies under the plan," and that he had "the right to bring civil action under Section 502(a) of the Employee Retirement Income Security Act of 1974" would not necessarily prompt plaintiff to refer to the PASPD (or, for that matter, the MDSPD) in bringing suit. Plaintiff could reasonably assume that the plan documents had no further applicability to his claim.

Accordingly, defendants have not established as a matter of law that the one-year limitations period in the PASPD governs plaintiff's claim rather than the six-year statutory period that ordinarily applies to civil actions under section 502(a) of ERISA. *See Miles v. New York State Teamsters Conference Pension and Retirement Fund*, 698 F.2d 593, 598 (2d Cir.1983).

---

[2] Indeed, the thoroughness and detail with which the MDSPD explains all aspects of the managed disability plan, including one and a half pages concerning what to do if benefits are denied, would likely suggest to the reader that all relevant information was contained therein.

Thus, dismissal of plaintiff's claim for short-term disability benefits is denied.

**Exhaustion of remedies**

In support of their motion to dismiss plaintiff's claim for long-term disability ("LTD") benefits, defendants contend that plaintiff failed to exhaust his administrative remedies. According to defendants, plaintiff never submitted a written claim for LTD benefits; thus, there is no determination by the claim administrator, no administrative appeal, and no final determination by the claim administrator.

In his affidavit in opposition to the motion, plaintiff states: "It was my understanding that my initial application was for both short term and long term disability." The record does not contain plaintiff's application.[3] The record does contain the February 27, 2004 letter from the claim administrator stating: "This letter is in reference to your claim for Short-Term Disability benefits and to inform you that you are not eligible for benefits beginning February 9, 2004." In response to plaintiff's appeal from that determination, the claim administrator sent him the May 24, 2004 letter stating: "We have completed our review of the denial of your claim for the liberalized portion of your Short-Term Disability (STD) benefits." The letter advised plaintiff that the original determination was upheld and notified him that he had exhausted his administrative remedies and had the right to bring a civil action.

In their reply memorandum of law (Dkt. No. 18), defendants contend: "[E]ven a cursory review of MetLife's letter denying Magin's claim for STD benefits makes clear that Magin's claim was for STD benefits only." The Court does not agree. While the wording of the letter

---

[3] Defendants refer to Exh. C to the affidavit of Laura Sullivan (Dkt. No. 9) as plaintiff's letter requesting STD benefits. Plaintiff says he has never seen the document. It appears to be an e-mailed notification from MetLife to Verizon Wireless on February 10, 2004, indicating that plaintiff applied for STD benefits on February 9, 2004.

makes clear that STD benefits were denied, it does not rule out the possibility that plaintiff's application sought both STD and LTD benefits. If plaintiff can demonstrate that he applied for LTD benefits and that defendants failed to take action on the application, he may be entitled to *de novo* review of his request for LTD benefits. *See generally Engler v. Cendant Corp.*, 434 F.Supp.2d 119, 128-29) (E.D.N.Y. 2006). This issue cannot be resolved on this record. Nor have defendants otherwise established their right to dismissal of plaintiff's claim for LTD benefits.

## CONCLUSION

It is therefore

ORDERED that defendants' motion (Dkt. No. 9) is denied, and it is further

ORDERED that the Rule 16 Conference is scheduled before Magistrate Gustave J. DiBianco on March 28, 2007 at 10:00 a.m. The Civil Case Management Plan is due on or before March 16, 2007.

IT IS SO ORDERED.

February 23, 2007
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge